7900

## WITHERSPOON v. HURST.

DEEDS—EASEMENTS—CONDITIONS.—There is no evidence in this case of abandonment or extinguishment of the conditions in the *habendum* of a deed "To have, etc., subject to the condition that it shall never be built upon but always remain an open space in front of my house and also of his, as per diagram hereto attached." Building other houses than dwellings on the lots facing the triangle is not pertinent to the issue.

Before MEMMINGER, J., Sumter, July, 1910. Affirmed.

Action by E. D. Witherspoon against E. W. Hurst. Defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *The deed creates an easement:* 13 Cyc. 714. *Has this easement been destroyed?* 13 L. R. A. 158; 14 Cyc. 1192-4; 10 Ency. 437. *Issue of abandonment was for the jury:* 22 S. C. 545; 4 McC. 96.

*Messrs. Lee & Moise,* contra, cite: *This condition is one neither party has the right to ignore:* 34 L. R. A. 227; 24 Am. Dec. 218; 73 S. C. 241; 74 S. C. 331. *Deed properly construed in light of surrounding circumstances:* 3 S. C. 251: 82 S. C. 67; 15 S. C. 32. *Evidence does not warrant the Court in declaring a forfeiture:* 44 Am. Dec. 753; 79 Ind. 14; 5 Hun. 551.

May 5, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. On March 14th, 1884, E. W. Moise, in consideration of $15, conveyed to C. M. Hurst a small triangular lot of land situate in the city of Sumter, in the angle between Mary street on the north and northwest and Hauser street on the south and southwest measuring eighty feet on Mary street and sixty feet on Hauser street, the eastern line being fifty feet along the lot of E. W. Moise. At the time of the conveyance the residence of C. M. Hurst was on Hauser street, fronting on this triangle, and also fronting thereon was a tenant house on the remaining premises of E. W. Moise.

The habendum clause of the conveyance was: "To have and to hold the said small triangular piece of land to C. M. Hurst and his heirs and assigns forever, subject to a condition: That it shall never be built upon, but always remain an open space in front of my house and also of his house, as per diagram hereto attached." The diagram attached represented the triangle as has been described.

The plaintiff became the owner of the remainder of the lot of E. W. Moise, east of the triangle, through successive conveyances, and the defendant became owner of the property on Hauser street fronting the triangle and also owner of the triangle.

On May 23, 1909, the defendant rolled a small wooden building upon the triangle over the protest of plaintiff, and this action was immediately brought for injunction to remove the building and restrain any interference with the triangle by obstructions contrary to the conditions of the above deed, with demand also for damages. Defendant contended that if any easement ever existed in favor of the lot of plaintiff, it had been abandoned and extinguished by the acts of plaintiff and his grantors.

The case was heard before Judge Memminger and a jury, and the Court directed a verdict for plaintiff but without damages. This was followed by a decree holding that the condition of the deed was binding on the defendant and enforceable by plantiff and that there had been no extinguishment or abandonment of plaintiff's right, requiring removal of the structure and enjoining interference with the premises as an open space.

The exceptions of appellant depend substantially on the question whether there was any evidence of an abandonment or extinguishment of the alleged easement or condition which should have been submitted to the jury, and whether the Court was in error in holding as matter of fact that there had been no such abandonment or extinguishment.

As the Circuit Court held, there was no claim or evidence of adverse possession. There was testimony that for several years during the time the Sumter Colored Industrial Fair Association, grantor of plaintiff, owned the Moise lot adjoining the triangle, the association maintained a high, close fence near the eastern line of the triangle and around its property, so as to prevent those outside from seeing into the fair ground, with a gate of entrance and exit on the line

next to the triangle; that the association converted the tenant house on its lot into an exhibition building with additions thereto; that plaintiff after acquiring the property from the association in 1904 removed this building and erected a bottling plant some feet from the eastern line of the triangle and across plaintiff's lot, with an office door on the side next to the triangle, but fronting on Hauser street.

It is very clear that such facts are not evidence of any abandonment or extinguishment of the condition for an open space on the triangle, but are entirely consistent with such condition. The provision for an open space in front of Hurst's house and in front of Moise's house, *"as per diagram,"* appertained to the adjoining *lots* of Hurst and Moise and not merely to the *houses* thereon as places of residence. There being no condition restricting the character of the buildings to be erected on the lots of Hurst and Moise, such structures could not affect the continued validity of the condition in question. Hence also the fact that the house on the Hurst lot adjoining was burned, and other houses for residence and stores were erected on that lot, has no bearing on the question of extinguishing the condition for an open space over the triangle. There was also testimony that while the Fair Association was holding its annual fair, defendant permitted lunch tables to be erected and used on the triangle, and that after the association sold to plaintiff the defendant permitted a long billboard to be erected on the triangle, which remained there about two years, and was removed, so defendant testified, because some of his tenants on the lot adjoining had complained about it, although plaintiff testified that the removal was at his request.

But such facts have no tendency to show extinguishment or abandonment of plaintiff's right to have the space kept open. This is not a case in which an easement or servitude was granted for a particular purpose which no longer exists, or which had been obstructed by the owner of the dominant

estate, in a manner inconsistent with its further enjoyment; hence the principle declared in *Taylor* v. *Hampton*, 4 McCord 96, does not apply. Whether the condition stated be considered as creating an easement or as being a covenant running with the land, in either case there is nothing in the record tending to show any intention on the part of plaintiff to abondon, extinguish or annul the same.

The judgment of the Circuit Court is affirmed.